IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMUEL IVY,<br><br>     Plaintiff,<br><br>     v.<br><br>OFFICER POWERS, OFFICER CABALLERO, OFFICER KINSELLAS, OFFICER LARA, OFFICER MCKENNA, and the CITY OF CHICAGO,<br><br>     Defendants. | **FILED: JULY 3, 2008**<br>**08CV3826**<br>No.  **JUDGE KENDALL**<br>**MAGISTRATE JUDGE KEYS**<br>**AEE** |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson, & Baker LLC., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit OFFICER POWERS,OFFICER CABALLERO, OFFICER KINSELLAS, OFFICER LARA, and OFFICER MCKENNA (hereinafter, the "DEFENDANT OFFICERS"), and the CITY OF CHICAGO.

## JURISDICTION

1.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.     PLAINTIFF is a resident of the State of Illinois and of the United States.

3.     The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

1

4.     The CITY OF CHICAGO is a duly incorporated municipal corporation and is the

employer and principal of the DEFENDANT OFFICERS.  At all times material to this

complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance

and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## FACTS

5.     On or about July 10, 2006, some or all of the DEFENDANT OFFICERS were

engaged in an unreasonable seizure of the PLAINTIFF.  The DEFENDANT OFFICERS,

barged into PLAINTIFF'S home and arrested and charged the PLAINTIFF with

possession of a controlled substance with intent to deliver, notwithstanding the fact that

on July 10, 2006 the PLAINTIFF had not committed possession of a controlled

substance with intent to deliver.  This conduct violated the Fourth Amendment to the

United States Constitution.

6.     The DEFENDANT OFFICERS charged and/or participated in the charging of

PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to

prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT

OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal

activity of any sort.  The DEFENDANT OFFICERS did not have probable cause to

believe that criminal activity took place relative to the PLAINTIFF.

7.     On July 10, 2006, PLAINTIFF had not committed an act contrary to the laws of

the State of Illinois.

8.     As a direct and proximate result of one or more of the aforesaid acts or

omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

9.     On or about July 10, 2006, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO.  The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.  This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

10.     Upon information and belief, OFFICER POWERS, on July 10, 2006, came into physical contact with PLAINTIFF.

11.     Upon information and belief, OFFICER CABALLERO, on July 10, 2006, came into physical contact with PLAINTIFF.

12.     Upon information and belief, OFFICER KINSELLAS, on July 10, 2006, came into physical contact with PLAINTIFF.

13.     Upon information and belief, OFFICER LARA on July 10, 2006, came into physical contact with PLAINTIFF.

14.     Upon information and belief, OFFICER MCKENNA on July 10, 2006, came into physical contact with PLAINTIFF.

**CONSPIRACY**

15.     Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

        a.   agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

        b.   agreeing not to report each other after falsely arresting and/or charging PLAINTIFF; and

        c.   generating false documentation to cover-up for their own and each other's misconduct.

16.    In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about July 10, 2006, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above.  As a result of this conspiracy, the DEFENDANT OFFICERS, by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

## EQUAL PROTECTION

17.    The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

18.    With regard to an Equal Protection Claim, PLAINTIFF was a "Class of One."  In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis.  PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS.  The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF.  Further, PLAINTIFF was similarly situated to other individuals involved in incidents with police officers that did not have false evidence and/or reports generated against them.

SPECIFIC ALLEGATIONS REGARDING EQUAL PROTECTION CLASS OF ONE
*(ALTERNATIVE PLEADING*

19.     The DEFENDANT OFFICERS, each of them, have arrested over 20 individuals

prior to the arrest of the PLAINTIFF.

20.     On at least 20 occasions prior to July 10, 2006 the DEFENDANT OFFICERS,

each of them, have not falsified police reports.

21.     On at least 20 occasions prior to July 10, 2006 the DEFENDANT OFFICERS,

each of them, have not partaken in, or contributed to, the falsification of police reports.

22.     The DEFENDANT OFFICERS, each of them, have been trained, prior to July 10,

2006, that upon the signing of a criminal complaint, there is a strong likelihood that a

criminal action will commence against the party against whom the allegations are

submitted in the criminal complaint.

23.     OFFICER POWERS, on at least 20 occasions prior to and/or after July 10, 2006,

has arrested individuals and has not falsified information contained within a police report

with regard to the arrest.

24.     OFFICER POWERS, on at least 20 occasions prior to and/or after July 10, 2006,

has signed criminal complaints and has not falsified information contained within said

charging instruments.

25.     On July 10, 2006 there was no reasonable reason for OFFICER CABALLERO to

falsify a police report and/or criminal complaint with respect to PLAINTIFF.

26.    OFFICER CABALLERO, on at least 20 occasions prior to and/or after July 10, 2006, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

27.    OFFICER CABALLERO, on at least 20 occasions prior to and/or after July 10, 2006, has signed criminal complaints and has not falsified information contained within said charging instruments.

28.    On July 10, 2006 there was no reasonable reason for OFFICER CABALLERO to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

29.    OFFICER KINSELLAS, on at least 20 occasions prior to and/or after July 10, 2006, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

30.    OFFICER KINSELLAS, on at least 20 occasions prior to and/or after July 10, 2006, has signed criminal complaints and has not falsified information contained within said charging instruments.

31.    On July 10, 2006 there was no reasonable reason for OFFICER KINSELLAS to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

32.    OFFICER LARA, on at least 20 occasions prior to and/or after July 10, 2006, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

33.    OFFICER LARA, on at least 20 occasions prior to and/or after July 10, 2006, has signed criminal complaints and has not falsified information contained within said charging instruments.

6

34.     On July 10, 2006 there was no reasonable reason for OFFICER LARA to falsify

a police report and/or criminal complaint with respect to PLAINTIFF.

35.     OFFICER MCKENNA, on at least 20 occasions prior to and/or after July 10,

2006, has arrested individuals and has not falsified information contained within a police

report with regard to the arrest.

36.     OFFICER MCKENNA, on at least 20 occasions prior to and/or after July 10,

2006, has signed criminal complaints and has not falsified information contained within

said charging instruments.

37.     On July 10, 2006 there was no reasonable reason for OFFICER MCKENNA to

falsify a police report and/or criminal complaint with respect to PLAINTIFF.

## COUNT I
### §1983 False Arrest

38.     PLAINTIFF re-alleges paragraphs 1 – 36 as though fully set forth herein.

39.     The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF

without probable cause to believe that PLAINTIFF committed criminal activity.

Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth

Amendment to the United States Constitution.

40.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and

proximate cause of the Constitutional violations set forth above.

      WHEREFORE, PLAINTIFF demands compensatory damages from the

DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and

attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands

whatever additional relief this Court deems equitable and just.

## COUNT II
## False Arrest –State Claim

41.   PLAINTIFF re-alleges paragraphs 1 – 36 as though fully set forth herein.

42.   The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.  The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

43.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT III
## Malicious Prosecution - State Claim

44.   PLAINTIFF re-alleges paragraphs 1 – 36 as though fully set forth herein.

45.   The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois.  These allegations commenced or continued a criminal proceeding against PLAINTIFF.

46.   The DEFENDANT OFFICERS engaged in this effort without probable cause.

47.   The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

48.   The underlying criminal charges were resolved in a manner indicative of innocence.

49.    The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
## § 1983 Conspiracy Claim

50.    PLAINTIFF re-alleges paragraphs 1 – 36 as though fully set forth herein.

51.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia,* the Fourth Amendment and Fourteenth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
## Conspiracy Claim – State Law

52.    PLAINTIFF re-alleges paragraphs 1 – 36 as though fully set forth herein.

53.    The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs

against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional

relief this Court deems equitable and just.

## COUNT VI
### § 1983 Unlawful Search of Residence

54.   PLAINTIFF re-alleges paragraphs 1 – 36 as though fully set forth herein.

55.   The DEFENDANT OFFICERS invaded the home occupied by PLAINTIFF without

a search warrant, probable cause, exigent circumstances and/or any other lawful basis,

and therefore violated the Fourth Amendment to the United States Constitution.

56.    The DEFENDANT OFFICERS unlawfully conducted a search therein.

57.   The aforementioned actions were the direct and proximate cause of the violations

as set forth above.

      WHEREFORE, PLAINTIFF demands compensatory damages from the

DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and

attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands

whatever additional relief this Court deems equitable and just.

## COUNT VII
### § 1983 Unlawful Seizure of Property

58.   PLAINTIFF re-alleges paragraphs 1 – 36 as though fully set forth herein.

59.   The DEFENDANT OFFICERS seized and/or destroyed the property of the

PLAINTIFF property without legal justification.

60.   The aforementioned actions of the DEFENDANT OFFICERS were the direct and

proximate cause of the violations of the United States Constitution, *inter alia* the Fourth

Amendment.

10

WHEREFORE, PLAINTIFF demands compensatory damages from the

DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and

attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands

whatever additional relief this Court deems equitable and just.


## COUNT VIII
### § 1983 Equal Protection – Class of One

61.    PLAINTIFF re-alleges paragraphs 1 – 36 as though fully set forth herein.

62.    The actions of THE DEFENDANT OFFICERS violated the Equal Protection

clause to the United States Constitution.

63.    The aforementioned actions of said OFFICERS were the direct and proximate

cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the

DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and

attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands

whatever additional relief this Court deems equitable and just.

## COUNT IX
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

64.    PLAINTIFF re-alleges paragraphs 1 – 63 as though fully set forth herein.

65.    Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS

alleged above.

66.    The DEFENDANT OFFICERS, as alleged above, committed the acts under color

of law and in the scope of employment of the CITY OF CHICAGO.

11

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint.

## COUNT X
## Supplementary Claim for *Respondeat Superior*

67.    PLAINTIFF re-alleges paragraphs 1 – 63 as though fully set forth herein.

68.    The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

69.    Plaintiff demands trial by jury.

Respectfully submitted,


s/ Blake Horwitz
Attorney for the Plaintiff
Blake Horwitz



**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603

13

Ph (312) 676-2100
Fax (312) 372-7076

13