IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMUEL IVY, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 3826 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| OFFICER POWERS, OFFICER CABALLERO, ) | |
| OFFICER KINSELLAS, OFFICER LARA, ) | |
| OFFICER MCKENNA, and the CITY OF ) | |
| CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On July 3, 2008, Plaintiff Samuel Ivy ("Ivy") filed a ten-count Complaint against Defendant Police Officers Powers, Caballero, Kinsellas, Lara and McKenna (collectively "Defendant Officers"), and Defendant City of Chicago (the "City") (collectively "Defendants") alleging § 1983 False Arrest (Count I); State law-False Arrest (Count II); State law-Malicious Prosecution (Count III); § 1983 Conspiracy Claim (Count IV); State law-Conspiracy Claim (Count V); § 1983 Unlawful Search of Residence (Count VI); § 1983 Unlawful Seizure of Property (Count VII); § 1983 Equal Protection-Class of One (Count VIII); State law-Indemnification (745 ILCS 10/9-102) (Count IX); and *Respondeat Superior* (Count X). Counts I through VIII charge the Defendant Officers. Counts IX and X charge the City. Defendants moved this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Ivy's Complaint for failure to state a claim upon which relief can be granted, or in the alternative, for more definite statement pursuant to Federal Rule of Civil Procedure 12(e). For the reasons stated, Defendants' Motion to Dismiss is granted in part and denied in part, and Defendants' Motion for a More Definite Statement is denied.

## PLAINTIFF'S ALLEGATIONS

The following facts are taken as true, as the Court is required to do at the motion to dismiss stage. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). On or about July 10, 2006, Defendant Officers entered the home and placed him under arrest for possession of a controlled substance with intent to deliver. Compl. ¶ 5. Defendant Officers did not have a search warrant to enter Ivy's home and there were no exigent circumstances present to justify their entry. Compl. ¶ 55. Once inside, Defendant Officers proceeded to search Ivy's home without probable cause. Compl. ¶ 56. During the search Defendant Officers seized and destroyed Ivy's property without legal justification and arrested Ivy. Compl. ¶¶ 6, 59. Defendant Officers did not observe Ivy commit any criminal activity nor did they have probable cause to arrest him. Compl. ¶ 55.

Defendant Officers agreed together to arrest and charge Ivy without probable cause, agreed to not report each other for doing so, and then generated false documentation to cover up their misconduct. Compl. ¶¶ 15, 16. In doing so, Defendant Officers did not enforce the laws equally and fairly towards Ivy. Compl. ¶ 17. Ivy asserts that he was intentionally treated differently as a result of having a potential claim against Defendant Officers and as a result of witnessing Defendant Officers' misconduct. Compl. ¶ 18. Ivy was treated with ill will and discriminated against with no rational basis. Compl. ¶ 18. Ivy asserts that he was similarly situated to other individuals arrested by the Defendant Officers who did not have false evidence or false reports generated against them. Compl. ¶ 18. Defendant Officers have all arrested over twenty individuals prior to Ivy's arrest on July 10, 2006. On none of these occasions has any of the Defendant Officers ever falsified police reports or criminal complaints. Compl. ¶¶ 19-21, 23-24, 26-27, 29-30, 32-33, 35-36. On July 10, 2006, there was no reasonable reason for Defendant Officers to falsify Ivy's police reports or

2

criminal complaint. Compl. ¶¶ 25, 28, 31, 34, 37.

On November 9, 2006, the States' Attorney handling Ivy's criminal case dismissed the charges against him. Compl. ¶ 47-48.[1]

## STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not allege all facts involved in the claim. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). However, in order to survive a motion to dismiss for failure to state a claim, the claim must be supported by facts that, if taken as true, at least plausibly suggest that the plaintiff is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Such a set of facts must "raise a reasonable expectation that discovery will reveal evidence" of illegality. *Id.* at 1965.

## DISCUSSION

**I. State Law Claims (Counts II, III, V, XI and X)**

A. <u>Counts II, III and V (False Arrest, Malicious Prosecution and Conspiracy)</u>

Counts II, III and V of Ivy's Complaint allege state law claims for false arrest, malicious prosecution and conspiracy respectively. The statute of limitations applicable to Ivy's state law claims is one year. 745 ILCS 10/8-101 *et seq.* (West 2006) ("No civil action may be commenced

---

[1] The date of disposition was taken from Ivy's certified copy of disposition in the Cook County Circuit Court, criminal case No. 06 CR 1739601. *See Palay v. United States*, 349 F.3d 418, 425 n. 5 (7th Cir. 2003) ("In resolving a motion to dismiss, the district court is entitled to take judicial notice of matters in the public record.").

in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued."); *see Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) ([T]he one-year [statute of limitations] period applies to state-law claims that are joined with a § 1983 claim.").

Here, Ivy alleges he was arrested on July 10, 2006. The Cook County State's Attorney's Office moved to dismiss his criminal case on November 9, 2006. Therefore, at best, Ivy's state law causes of action for false arrest, malicious prosecution and conspiracy began to accrue on November 9, 2006. Since Ivy's Complaint was not filed until July 3, 2008, twenty-months after the disposition of his criminal case, he is well beyond the one-year statute of limitations period set out for state law claims, and therefore Counts II, III and V of Ivy's Complaint are time-barred and dismissed with prejudice.

B. Count X (Respondeat Superior)

Count X of Ivy's Complaint asserts a claim against the City under the state law theory of *respondeat superior*. While the doctrine of respondeat superior may be used to impose liability on a municipality under state law, there is no *respondeat superior* liability under § 1983. *See Davis v. Zirkelbach*, 149 F.3d 614, 619 (7th Cir. 1998). Because all of Ivy's substantive state law claims have been dismissed as time barred and the only claims that remain are his § 1983 claims, his state law claim for respondeat superior must be dismissed as well.

C. Count XI (Indemnification)

Count XI of Ivy's Complaint asserts a claim against the City under 745 ILCS 10/9-102 for indemnification. Indemnification is applicable if the Defendant Officers, while acting within the scope of their employment, are liable for any of the claims asserted in Ivy's Complaint. *See Yang*

4

*v. City of Chicago*, 137 F.3d 522, 526 (7th Cir. 1998). Ivy's Complaint alleges that the Defendant Officers committed the acts complained of under color of state law and in the scope of their employment, and therefore Ivy has sufficiently plead his state law claim for indemnification.

**II. Section 1983 Federal Law Claims (Counts I, IV, VI, VII)**

In order to state a claim pursuant to 42 U.S.C. § 1983, Ivy must allege that the Defendant Officers were acting under color of state law when they deprived him of a Constitutional right. *See Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514 (7thCir. 2007) (*citing Christensen v. County of Boone, Illinois*, 483 F.3d 454, 457 (7thCir. 2007)).

A. § 1983-False Arrest Claim (Count I)

Count I of Ivy's Complaint asserts a claim against the Defendant Officers for false arrest in violation of the Fourth Amendment. The Fourth Amendment of the United States Constitution protects the right of individuals "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. "An arrest is a seizure" under the Fourth Amendment. *Lopez v. City of Chicago*, 464 F.3d 711, 718 (7th Cir. 2006). An arrest without probable cause is a violation of the Fourth Amendment. *See Dribel v. City of Milwaukee*, 298 F.3d 622, 652 (7th Cir. 2002).

Therefore, to state a claim for false arrest against the Defendant Officers under § 1983, Ivy must allege that he was arrested by the Defendant Officers and that the Defendant Officers did not have probable cause to arrest him. *See Holmes v. Village of Hoffman Estate*, 511 F.3d 673, 681 (7th Cir. 2007). Ivy's claims that the Defendant Officers barged into his home on July 10, 2006 and arrested him without probable. He claims they had no knowledge of the commission of any criminal activity on his part prior to his arrest. Ivy alleges that each individual officer came into physical

5

contact with him at some point that day. These facts, if taken as true, although minimal, at least plausibly suggest that Ivy is entitled to relief. Therefore, Ivy's assertions against the Defendant Officers are sufficient to state a claim for false arrest. *See Lamon v. Sandidge*, No. 06-4149, 2007 WL 1381572, at *1 (7th Cir. May 10, 2007) (holding it was improper for district court to dismiss plaintiff's Fourth Amendment claim where plaintiff's Complaint alleged he was arrested without probable cause).

B. § 1983 Unlawful Search of Residence Claim (Count VI) and § 1983 Unlawful Seizure of Property Claim (Count VII)

Similarly, the Fourth Amendment protects the right of individuals "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. A search is unreasonable under the Fourth Amendment when it is conducted without a warrant and without satisfying one of exceptions to the warrant requirement. *See Peals*, 535 F.3d at 627 ("With few exceptions, the Fourth Amendment prohibits warrantless entry of a person's home to conduct a search."); *Soldal v. Cook County Ill.*, 506 U.S. 56 at 65 (exceptions to the warrant requirement include valid consent or a showing of exigent circumstances). A seizure is unreasonable under the Fourth Amendment when it is conducted without a warrant and the officer's presence in the place where the item is seized is itself a violation of the Fourth Amendment. *See Soldal*, 506 U.S. at 65 n. 10 ("If the police officers presence in the home itself entailed a violation of the Fourth Amendment, no amount of probable cause to believe an item in plain view constitutes incriminating evidence will justify its seizure."); *Horton v. California*, 496 U.S. 128, 136 (1990) ("[A]n essential predicate to any valid warrantless seizure of incriminating evidence that the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed.").

Ivy claims that the Defendant Officers entered his home without a search warrant, without probable cause and in the absence of exigent circumstances or any other lawful basis and seized and destroyed his property. These minimal facts are sufficient to state a claim for unlawful search and seizure.

D. § 1983 Conspiracy Claim (Count IV)

Ivy also claims that the Defendant Officers conspired to violate his Fourth Amendment rights (Count IV). To state a claim for a § 1983 conspiracy against the Defendant Officers, Ivy must allege that the Defendant Officers reached an understanding to violate Ivy's constitutional rights. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000).

Here, Ivy claims that the Defendant Officers conspired with each other by agreeing: (1) to falsely arrest and institute criminal charges against him; (2) not to report each other after falsely arresting and charging him; and (3) generating false documentation to cover-up for their own and each other's misconduct. Ivy claims the officers communicated their plan with each other on July 10, 2006. These facts, if taken as true, at least plausibly suggest that the Defendant Officers reached an understanding to violate Ivy's constitutional rights and that he is entitled to relief. Therefore, Defendant Officers' motion to dismiss count IV is denied.

**III. Equal Protection Claim (Count VIII)**

Ivy next alleges that the Defendant Officers violated his equal protection rights under the Fourteenth Amendment when they filed false police reports and criminal complaints against him to cover-up for their alleged misconduct. Ivy is proceeding under a "class of one" theory of denial of equal protection. *See e.g., Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Generally, equal protection claims involve charges of singling out members of a vulnerable group for unequal

7

treatment or allegations that a law or policy makes irrational distinctions between groups of people. *See Woodruff v. Mason*, 542 F.3d 545, 553 (7th Cir. 2008). Class of one equal protection cases are those in which the plaintiff does not claim to be a member of a class that is being discriminated against, but argues only that he is being treated arbitrarily worse than individuals identically situated to him. *Lauth v. McCollum*, 424 F.3d 631, 633 (7th Cir. 2005). Ivy may bring an equal protection "class of one" claim, although such claims are very difficult to prove. *See Olech*, 528 U.S. at 564.

To state a "class of one" claim, Ivy must allege that: (1) the Defendant Officers intentionally treated Ivy differently from others who are similarly situated; and (2) there is no rational basis for the different treatment or the cause of the different treatment is based on the Defendant Officers' "totally illegitimate animus" toward Ivy. *See McDonald v. Village of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 638 (7th Cir. 2007). To meet the similarly situated requirement, Ivy must allege that he was treated differently than "someone who is prima facie identical in all relevant respects." *See Purze v. Vill of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002); *see also Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005). Generally, whether individuals are similarly situated is a question of fact for the jury, *see McDonald*, 371 F.3d at 1002; however, a complaint is subject to dismissal pursuant to Rule 12(b)(6) when the plaintiff fails to allege that he was treated differently than similarly situated individuals. *See Stachowski*, 435 F.3d at 1078-79. Additionally, while this Court presumes the truth of Ivy's allegations while evaluating this motion to dismiss, allegations of animus do not overcome the presumption of rationality and only come into play if this Court can hypothesize no rational basis for the Defendant Officers' actions. *See Flying J Inc. v. City of New Haven*, 549 F.3d 538, 546-47 (7th Cir. 2008); *Lauth*, 424 F.3d at 634.

In their motion to dismiss, Defendants' assert that the Supreme Court's recent decision in *Engquist v. Oregon Department of Agriculture et al.*, 128 S.Ct. 2146 (2008), precludes Ivy's Equal Protection "class of one" claim as a matter of law. In *Engquist*, the Supreme Court held that the class-of-one theory of equal protection does not apply in the public employment context. 128 S.Ct. at 2151. In reaching its holding the Court reasoned "that there are some forms of state action which by their nature involve discretionary decision making based on a vast array of subjective individualized assessments" and "[i]n such cases the rule that people should be treated alike, under like circumstances and conditions is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted." *Id*. at 2154. The Court went on to state that, "[t]his principle applies most clearly in the employment context, for employment decisions are quite often subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify." *Id*. As an example, the Court stated that an equal protection claim on the ground that a traffic officer gave a speeding ticket to one person and not to others, even if for no discernible reason, would be incompatible with the discretion inherent in the challenged action. *Id*. Defendants' assert that the *Engquist* Court's analogy to the enforcement of speeding laws shows that Ivy's Equal Protection claim fails because Ivy's equal protection claim is premised on the decision of the Defendant Officers to arrest Ivy and that decision is discretionary like the decision to give someone a speeding ticket.

Here, however, unlike the Court's analogy in *Engquist*, Ivy does not base his Equal Protection claim on the Defendant Officers' decision to arrest him. Ivy bases his claim on the Defendant Officers' alleged decision to file false police reports and criminal complaints against him to cover-up for their alleged misconduct. This is different from the discretionary decision to arrest

9

one individual among many (due to logistical reasons) as set forth in the *Engquist* analogy. "The paradigmatic 'class of one' case, more sensibly conceived, is one in which a public official, with no conceivable basis for his action other than spite or improper motive . . . , comes down hard on a hapless private citizen." *Lauth*, 424 F.3d at 633. Here, Ivy alleges that he was a "hapless" private citizen who was the victim of the Defendant Officers misconduct and that this misconduct was spurred by an improper motive, that is, covering up their alleged violations of Ivy's Fourth Amendment rights. Ivy's claim against the Defendant Officers is not based on their discretionary decision-making duties as police officers, and is therefore unlike the plaintiff's class of one claim in *Engquist*.

Further, Ivy's factual allegations in support of his Equal Protection Class of One claim are sufficiently plead and provide the Defendants with sufficient notice. Ivy alleges that by falsifying police reports and charging documents against him, the Defendant Officers treated Ivy differently than other persons subject to arrest by the Defendant Officers, that there is no rational basis for the different treatment and that the Defendant Officers acted with discriminatory intent by treating Ivy differently. These facts, if taken as true, at least plausibly suggest that Ivy is entitled to relief. Therefore, Ivy's assertions against the Defendant Officers are sufficient to state a claim for an equal protection class of one violation. *See Craft v. Flagg*, 2008 WL 1883337 at *3 (N.D. Ill. 2008) (Gettleman, J.) (holding plaintiff sufficiently plead equal protection "class of one" claim where he alleged that officers treated him differently then other individuals by planting evidence on him).

## **CONCLUSION AND ORDER**

For the reasons stated, Defendants' Motion to Dismiss is granted with respect to Counts II, III, V and X of Ivy's Complaint and denied with respect to Counts I, IV, VI, VII, VIII and IX.

Further, Defendants' Motion for a More Definite Statement pursuant to Rule 12(e) is denied.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: January 30, 2009